IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARUS HALL, # 237249, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KENNETH JONES, *et al.*, )<br>)<br>Respondents. ) | <br><br><br><br>Civil Action No. 2:14cv98-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Tarus Hall ("Hall") on February 12, 2014.[1] *Doc. No. 1*. Hall challenges his convictions for murder, attempted murder, and two counts of first-degree robbery, obtained under a guilty plea entered in the Circuit Court of Montgomery County in July 2004. He is serving consecutive terms of 20 years' imprisonment for each of the four convictions. In his § 2254 petition, he argues that his consecutive sentences violate the prohibition against double jeopardy and that his guilty plea was entered unknowingly and involuntarily. *Doc. No. 1* at 5-8, 18-20. The respondents argue (*Doc. No. 7*) that Hall's

---

[1] Although Hall's petition was stamped as received in this court on February 18, 2014, it was signed by Hall on February 12, 2014. *Doc. No. 1* at 15. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hall] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

petition is barred from review by the one-year limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d). After due consideration of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Hall's petition should be denied as untimely.

## II.  DISCUSSION

### State Court Proceedings

On July 27, 2004, Hall pled guilty under a plea agreement to murder, attempted murder, and two counts of first-degree robbery. *Resp'ts Ex. A* at 1. On that same date, the trial court (the Circuit Court of Montgomery County) sentenced Hall as a habitual felony offender to 20 years in prison for each conviction, the terms to be served consecutively. *Id*. at 1-3. The trial court then split the sentences and ordered Hall to serve four concurrent five-year terms of confinement, to be followed by five years on probation. *Id*. at 2-3. Hall took no direct appeal.

On June 18, 2009, the trial court revoked Hall's probation after finding he had violated various conditions of his probation. *Resp'ts Ex. A* at 2-3. The trial court then ordered Hall to serve his original base sentence of 20 years for each count, the terms to run consecutively per the original sentence. *Id*. After his probation was revoked, Hall filed a petition for writ of mandamus challenging the legality of his consecutive sentences. *Id*. at 3. That petition was denied on December 22, 2011. *Id*.

On February 7, 2012, Hall filed a petition for post-conviction relief under Rule 32 of

2

the Alabama Rules of Criminal Procedure, again arguing that his consecutive sentences were illegal. *Resp'ts Ex. A* at 4; *Resp'ts Ex. B* at 1. On March 27, 2012, the trial court denied Hall's Rule 32 petition, finding that his consecutive sentences were not illegal and that his Rule 32 petition was untimely filed. *Id*. In an unpublished memorandum opinion issued on September 14, 2012, the Alabama Court of Criminal Appeals affirmed the trial court's judgment and adopted the trial court's findings. *Resp'ts Ex. A*. Hall applied for rehearing, which was overruled on November 16, 2012. *Resp'ts Ex. C*. He then filed a petition for writ of certiorari in the Alabama Supreme Court, which that court denied on February 15, 2013. *Resp'ts Ex. D*. A certificate of judgment was issued on that date. *Id*.

AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) of the AEDPA directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. 28 U.S.C, § 2244(d)(1)(A). Here, Hall was sentenced on July 27, 2004. Because he took no direct appeal, his conviction became final 42 days later, on September 7, 2004, when the time for him to file a notice of appeal expired. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). The one-year period for filing his federal petition commenced on that date. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, absent statutory or equitable tolling, the federal limitation period for Hall to file a timely § 2254 petition expired on September 7, 2005.

Statutory Tolling

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Although sometime after the 2009 revocation of his probation, Hall

4

filed a petition for writ of mandamus challenging the legality of his sentence, and in February 2012 he filed a Rule 32 petition challenging his conviction and sentence, those filings had no tolling effect under § 2244(d)(2), because the one-year federal limitation period ran unabated between September 7, 2004, and September 7, 2005, and therefore expired well before those post-conviction petitions were filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of § 2244(d)(1)(B)-(D) do not provide safe harbor for Hall such that the federal limitation period commenced on some date later than September 7, 2004. There is no evidence that any unconstitutional or illegal State action impeded Hall from filing a timely § 2254 petition. 28 U.S.C. § 2244(d)(1)(B). Hall presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). And finally, Halls submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

## Equitable Tolling

The federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Hall suggests he is entitled to equitable tolling because, he says, his petition sets forth a jurisdictional claim challenging the legality of his consecutive sentences that is not subject to a time-bar. *Doc. No. 11* at 1-4. If this court were an Alabama state court, that argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal it exceeds the jurisdiction of the trial court). However, there is no similar exception to the federal limitations period in 28 U.S.C. § 2244(d). Thus, Hall's jurisdictional claim does not entitle him to relief from operation of the federal statutory limitations bar. Consequently, he is not entitled to equitable tolling on this basis.

The one-year limitation period in § 2244(d) expired on September 7, 2005. Because Hall did not file his § 2254 petition until February 12, 2014, his petition is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice because the petition is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to **file any objections to this Recommendation on or before March 3, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 17th day of February, 2016.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE